**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 2 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 13-34137 |
| Robin L. Horvath, | Chapter 7 |
| Debtor. | Adv. Pro. No. 15-3058 |
| Ericka Parker, Chapter 7 Trustee, | Hon. Mary Ann Whipple |
|     Plaintiff and Counter-Defendant, | |
| v. | |
| Robin L. Horvath, | |
|     Defendant and Cross-Defendant, | |
| The Nancy Packo Horvath Probate Estate, | |
|     Defendant, Counter-Claimant, Cross-Claimant, and Cross-Defendant, | |
| The Nancy Packo Horvath Trust Under the Amended and Restated Trust Agreement Dated March 22, 2002, | |
|     Defendant, Counter-Claimant, Cross-Claimant, and Cross Defendant, | |

| | |
|---|---|
| Tony Packo's Toledo, LLC, | ) |
| | ) |
|     Defendant, Counter-Claimant, | ) |
|     Cross-Claimant, and Cross- | ) |
|     Defendant, | ) |
| | ) |
| TPIP, LLC, | ) |
| | ) |
|     Defendant, Counter-Claimant, | ) |
|     Cross-Claimant, and Cross- | ) |
|     Defendant. | ) |

**ORDER**

The court held on October 29, 2015, a further hearing on the Chapter 7 Trustee's motion ("Motion") [Doc. # 86] seeking an order authorizing her to file under seal and to admit certain tax returns in connection with a final hearing on her motion for preliminary injunction and on the complaint filed in this proceeding. Specifically, the tax returns of the Nancy Packo Horvath Trust ("NPH Trust") and the Nancy Packo Horvath Probate Estate ("NPH Estate"), (collectively, "the NPH Defendants") are the subject of the Trustee's Motion. In their reply and objection, the NPH Defendants join in the Trustee's Motion to the extent that it requests an order authorizing her file the tax returns under seal but object to the Motion to the extent it asks the court to rule on admissibility of the returns. [Doc. # 128]. The hearing was attended by counsel for each of the represented parties, as well as by Robin Horvath, who is representing himself.

At the hearing, the Trustee retreated from her position that the tax returns should be filed under seal, while the NPH Defendants, citing 26 U.S.C. § 6103 (Internal Revenue Code) and Ohio Revised Code § 5731.90(B), urged the court to grant the Motion to the extent it so requests.

The court finds that neither § 6103 nor § 5701.90(B) require the tax returns to be filed under seal. Although § 6103 sets forth a general rule protecting any federal tax return from disclosure, it specifically permits disclosure in a judicial proceeding where the taxpayer is a party to the proceeding, as the NPH Defendants are in this proceeding. *See* 26 U.S.C. § 6103(h)((4)(A). Similarly, § 5731.90(B) sets forth a general rule protecting estate tax returns from inspection or copying unless the probate court has authorized such. Ohio Rev. Code § 5731.90(A)(1) and (B). In this case, the Lucas County, Ohio Common Pleas Court, Probate Division, has released the NPH Estate tax return to the Trustee for use in this proceeding.

Rather, §107 of the Bankruptcy Code provides, with certain exceptions that do not apply here, that "a paper filed in a case under this title . . . are public records and open to examination by an entity at reasonable times. . . ." 11 U.S.C. § 107(a). The court will therefore deny the Motion to the extent it seeks to file the tax returns under seal but, pursuant to Rule 9037(d)(2) of the Federal Rules of Bankruptcy

2

Procedure, will require that any taxpayer identification number and/or financial account numbers be redacted from the NPH Estate tax return and the NPH Trust tax return if they are filed with the court for some purpose or otherwise used in this proceeding.

With respect to the Trustee's Motion requesting admission of the tax returns, the court agrees with the NPH Defendants that a ruling on admissibility is premature. The Motion will therefore be denied without prejudice to the extent it seeks such a ruling.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Chapter 7 Trustee's Motion [Doc. # 86] be, and hereby is, **DENIED** to the extent it requests filing the tax returns under seal and **DENIED without prejudice** to the extent it seeks a ruling on admissibility of the tax returns.

###

3

15-03058-maw    Doc 134    FILED 11/02/15    ENTERED 11/02/15 15:17:00    Page 3 of 3