**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 7 2016

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-34137 |
| | ) | |
| Robin L. Horvath, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3058 |
| | ) | |
| Ericka Parker, Chapter 7 Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| v. | ) | |
| | ) | |
| Robin L. Horvath, | ) | |
| | ) | |
| Defendant, Counter-Claimant, Cross-Claimant and Cross-Defendant, | ) | |
| | ) | |
| The Nancy Packo Horvath Probate Estate, | ) | |
| | ) | |
| Defendant, Counter-Claimant, Cross-Claimant, and Cross-Defendant, | ) | |
| | ) | |
| The Nancy Packo Horvath Trust Under the Amended and Restated Trust Agreement Dated March 22, 2002, | ) | |
| | ) | |
| Defendant, Counter-Claimant, Cross-Claimant, and Cross Defendant, | ) | |

| | |
|---|---|
| Tony Packo's Toledo, LLC, | ) |
| | ) |
|     Defendant, Counter-Claimant, | ) |
|     Cross-Claimant, and Cross- | ) |
|     Defendant, | ) |
| | ) |
| TPIP, LLC, | ) |
| | ) |
|     Defendant, Counter-Claimant, | ) |
|     Cross-Claimant, and Cross- | ) |
|     Defendant. | ) |

## ORDER REGARDING MOTION TO STRIKE

This adversary proceeding is before the court on a motion [Doc. # 159] filed by Defendant/Cross-Claimants Tony Packo's Toledo, LLC, f/k/a TP Foods, LLC, and TPIP, LLC ("TPIP") (jointly, "TP Defendants") to strike certain testimony, either by deposition or affidavit, of attorney Marvin Keller ("Motion to Strike"), oppositions filed by Defendants/Cross-Defendants Nancy Packo Horvath Probate Estate ("NPH Estate"), and the Nancy Packo Horvath Trust ("NPH Trust") (jointly, "NPH Defendants") [Doc. # 164], and by Defendant/Cross-Defendant Robin Horvath [Doc. # 165], and the TP Defendants' reply [Doc. # 166]. The Keller deposition and affidavit are offered in support of summary judgment motions filed by the NPH Defendants.

In their Motion, the TP Defendants vaguely state their objection to Keller's deposition and affidavit testimony "to the extent he is giving his opinion on, or interpretation of, Ohio law." [Doc. # 159, p.1]. The NPH Defendants and Horvath oppose the Motion, arguing that the failure to identify specific testimony sought to be stricken will leave an unclear picture of what is or is not included in the summary judgment record and that Keller's forty years of experience as a probate attorney qualifies him to offer an expert opinion as to whether the NPH estate and trust were properly handled in order to counter arguments raised on summary judgment by the TP Defendants. In their reply, "without limiting the testimony of Mr. Keller that must be stricken," the TP Defendants set forth the following nine "opinions" in Keller's testimony/averments that it argues should be stricken:[1]

    1. by operation of law, any and all assets owned by Nancy Packo Horvath ("NPH") individually, including the Recipes and the Recipe Notebook became the property of the

---

[1] The TP Defendants do not provide citations to either Keller's affidavit or his deposition testimony. The first five opinions listed are quotations from Keller's affidavit, for which the court provides the citation above The last four opinions are not found in the affidavit. The court performed a word search of the 129-page deposition and located testimony that is paraphrased in opinions six through eight and provides those citations above also. The court's word search did not locate testimony stating the opinion set forth as the ninth opinion above.

2

NPH Estate including, without limitation, the (a) Recipes and all other intellectual property used in the operation of Tony Packo's Inc. ("TPI"), and (b) chili soup and hot dog sauce used by TPI in its restaurant, catering, and wholesale foods businesses [Doc. # 23-2, Keller Aff., ¶ 13];

2. the Nancy Packo Horvath Trust is a legally enforceable "spendthrift" trust [*Id.* at ¶ 8];

3. without limitation, the Recipes and all other intellectual property used in the operation of TPI pursuant to the Term Sheet and the chili soup and hot dog sauce used by TPI in its restaurant, catering, and wholesale foods businesses remained the property of the NPH Estate until assigned on May 4, 2015 to the NPH Trust [*Id.* at ¶14];

4. pursuant to the NPH Will and by operation of law, Robin L. Horvath ("RLH") never had any ownership rights to the Recipes or any other intellectual property used in the operation of TPI's business [[*Id.* at ¶ 15];

5. pursuant to the NPH Will and by operation of law, RLH never had any ownership rights to the chili soup recipe used by TPI in its restaurant, catering, and wholesale foods businesses [[*Id.* at ¶ 16];

6. the Recipes as encumbered by the License Agreement, did not have any value at the time of NPH's death or when the NPH summary release proceeding in probate court was initiated [Doc. # 136, Keller Depo., pp.24, 110];

7. there was no reason, or that it was not required, to open a probate estate upon the death of NPH for the purpose of listing the Recipes, or the Recipe Notebook, as an asset of the NPH probate estate [[*Id.* at 24-25, 52-54];

8. it was not necessary, when initiating the summary release process in the NPH probate proceeding, to list all assets of the NPH estate [[*Id.* at 21-24]; and

9. the estate tax return does not reflect assets that must be probated.

[Doc. # 166, p. 5].

Under Rule 702 of the Federal Rules of Evidence,

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

An underlying issue in all of the NPH Defendants' counterclaims and cross-claims in this adversary proceeding is whether ownership of the Recipes and intellectual property used in the business of Tony Packo Inc. ("TPI") resided in NPH before her death. Keller's opinions set forth as number one, three, four, and five above all assume such ownership rights existed. [*See* Doc. # 23-2, Keller Aff., ¶¶ 13-16]. His skill and experience in handling probate matters however does not qualify him to render an opinion regarding such rights. And only if NPH actually owned those assets does Keller's opinion have any factual basis.

Keller's skill and experience in probate matters also does not qualify him to render the second opinion set forth above – that the NPH Trust is a legally enforceable "spendthrift" trust. [*See id.*, ¶ 8]. There is no argument and the court is directed to no evidence that he has any specialized experience in handling spendthrift trusts. Moreover, Keller's affidavit sets forth no principles on which he has based this opinion or any facts relevant to forming such opinion.

The Motion to Strike will thus be granted as to paragraphs 8 and 13 through 16 of Keller's Affidavit.

The sixth opinion set forth above – that the Recipes at issue in this proceeding had no value at the time of NPH's death or when the summary release proceeding in probate court was initiated – is not an opinion or interpretation of Ohio law. [*See* Doc. # 136, Keller Depo., p. 24, 110]. However, Keller's skill and experience in probate matters certainly does not qualify him to render an opinion about the value of the Recipes or the effect of the License Agreement on such value at any point in time. This testimony will therefore be stricken.

The eighth opinion set forth above is that it was not necessary to list all assets of the NPH estate when the summary release probate proceeding was initiated. [*See id.*, pp. 21-22]. This testimony is simply Keller's interpretation of Ohio Revised Code § 2113.031, which sets forth the requirements for summary release from administration. The statute is straightforward, and its interpretation does not require the assistance of an expert. *See United States v. Smith*, 421 Fed. Appx. 572, 575 (6th Cir. 2011) (finding no abuse of discretion in not considering expert opinion interpreting statute because the trial court was capable of doing so without the expert's assistance). This testimony will also be stricken.

The seventh opinion, as paraphrased by the TP Defendants, is that there was no reason, or that it was not required, to open a probate estate upon the death of NPH for the purpose of listing the Recipes or the Recipe Notebook as an asset of the probate estate. As noted above, the TP Defendants do not direct the court to any specific testimony. The testimony regarding this subject that the court's word search revealed appears to be Keller's testimony explaining why he did not see any reason for opening a probate estate. He

4

testified as follows:

> [W]e decided that since there was no independent value, and thought it highly unlikely that if Tony Packo's, Inc., ceased to operate that a purchaser wouldn't request the recipes, we didn't see any reason to open a probate estate for the express purpose of listing the recipes and transferring them to the trust.
>
> . . . .
>
> Just because there are assets that were probateable doesn't mean that you have to open a probate estate. If those assets can be transferred to the rightful beneficiary without opening a probate estate, then -- and no one is harmed by doing that, then I don't have people open a probate estate.
>
> I'll give you some examples. If somebody comes in and they say, okay, here are Mom's assets, here are Mom's bills. If those bills exceed the value of the assets, I tell the person to walk away. We're not going to open a probate estate, even though there are assets that are probateable.
>
> . . . .
>
> [I]n a situation like that, I would just tell them not to do anything.

[Doc. # 136, Keller Depo., pp. 25, 52-53].

The court views this testimony simply as Keller explaining his own reasoning for not opening a probate estate in order to list the Recipes and Recipe Notebook and his own practice in dealing with certain assets that may be probateable assets. The court does not view his testimony as rendering an expert opinion regarding Ohio probate law. The Motion to Strike will be denied as to such testimony.

The court does not address the ninth opinion set forth above - that the estate tax return does not reflect assets that must be probated. The TP Defendants do not direct the court to testimony they believe state that opinion, and the court's word search does not reveal such testimony.

Finally, to the extent that the TP Defendants seek to strike unspecified testimony or averments by Keller, their Motion is not well taken as the court agrees that it would otherwise leave the record on summary judgment unclear. The court is also not inclined to sift through 129 pages of deposition testimony to look for unspecified statements that may be opinions on, or interpretations of, Ohio law.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion to Strike [Doc. # 159] be, and hereby is, **GRANTED** as to paragraphs 8 and 13 through 16 of Keller's Affidavit [Doc. # 23-2] and as to Keller's deposition testimony regarding the value of the Recipes at the time of NPH's death and what assets must be listed when initiating a summary release probate proceeding under Ohio law [Doc. # 136, pp. 24, 52-54, 110] and is otherwise **DENIED**.

###