**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 24 2018

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-34137 |
| | ) | |
| Robin L. Horvath, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3058 |
| | ) | |
| Ericka Parker, Chapter 7 Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| v. | ) | |
| | ) | |
| Robin L. Horvath, | ) | |
| | ) | |
| Defendant, Counter-Claimant, Cross-Claimant and Cross-Defendant, | ) ) ) | |
| | ) | |
| The Nancy Packo Horvath Probate Estate, | ) | |
| | ) | |
| Defendant, Counter-Claimant, Cross-Claimant, and Cross-Defendant, | ) ) ) | |
| | ) | |
| The Nancy Packo Horvath Trust Under the Amended and Restated Trust Agreement Dated March 22, 2002, | ) ) ) | |
| | ) | |
| Defendant, Counter-Claimant, Cross-Claimant, and Cross Defendant, | ) ) ) | |

| | |
|---|---|
| Tony Packo's Toledo, LLC, | ) |
| | ) |
|     Defendant, Counter-Claimant, | ) |
|     Cross-Claimant, and Cross- | ) |
|     Defendant, | ) |
| | ) |
| TPIP, LLC, | ) |
| | ) |
|     Defendant, Counter-Claimant, | ) |
|     Cross-Claimant, and Cross- | ) |
|     Defendant. | ) |

**MEMORANDUM OF DECISION REGARDING MOTION TO ENFORCE INJUNCTION**

This adversary proceeding came before the court for a further hearing on September 21, 2017, on the Chapter 7 Trustee's Motion to Enforce Injunction in Judgment ("Motion") [Doc. # 192], the brief in support of the Motion filed by Defendants TPIP, LLC ("TPIP") and Tony Packo's Toledo, LLC (collectively, "the TP Defendants") [Doc. # 193], the response filed by the Nancy Packo Horvath Probate Estate ("NPH Estate"), the Nancy Packo Horvath Trust Under the Amended and Restated Trust Agreement Dated March 22, 2002 ("NPH Trust") and Robin L. Horvath in his capacity as executor of the NPH Estate and trustee of the NPH Trust (collectively, "the NPH Defendants") [Doc. # 200], and the brief in support of the NPH Defendants' response filed by Robin L. Horvath, individually [Doc. # 201]. The Trustee and the Trustee's Attorney, Attorney for the NPH Defendants, Robin L. Horvath, individually, Attorney for TPIP and Tony Packo's Toledo, and Attorney for the State Court Receiver all attended the hearing in person. Attorney for Fifth Third Bank appeared by telephone.

**BACKGROUND**

The question underlying the claims, counterclaims and cross-claims in this adversary proceeding was the ownership of recipes, including recipes for chili soup and hot dog sauce, and intellectual property that were used by Tony Packo's, Inc. and related entities before their assets were sold to the TP Defendants in receivership proceedings in the Lucas County, Ohio, Common Pleas Court ("Common Pleas Court") and the extent of the bankruptcy estate's interest, if any, in that property. The Trustee commenced this adversary proceeding seeking a declaration regarding ownership of the recipes. The NPH Defendants asserted a cross-claim against the TP Defendants in which they sought a declaration that (1) the recipes and intellectual property at issue are the exclusive property of the NPH Trust and (2) that the TP Defendants' continued use of the recipes and intellectual property in their business is unlawful and adverse to the NPH

Trust's ownership rights to the recipes and intellectual property.[1]

The Trustee moved for summary judgment on her complaint, and Defendants each moved for summary judgment on their counterclaims and cross-claims. In its Memorandum of Decision and Order Regarding Motions for Summary Judgment, the court found that it had at least related to jurisdiction under 11 U.S.C. § 1334 over the claims, counterclaims and cross-claims of the parties to the extent they sought a declaration as to ownership of the recipes and intellectual property. [Doc. # 172, p. 9-10]. However, the court found, among other things, that it did not have jurisdiction over the NPH Defendants' cross-claim against the TP Defendants to the extent it sought a declaration that the TP Defendants' use of the recipes and intellectual property at issue was unlawful and adverse to the NPH Defendants' rights to that property. [*Id.* at 10].

In addressing the parties' respective ownership claims, the court found that the preclusive effect of a December 7, 2011, order regarding ownership of the recipes and intellectual property at issue that was entered in the receivership proceeding in the Common Pleas Court and became final no later than May 6, 2013, on entry of the order in that case confirming the receivership sale ("Sale Confirmation Order"), barred the NPH Defendants' ownership claims in this proceeding. [*Id.* at 17-22]. The court further found that Horvath has knowledge of the recipes and had already, during the course of his Chapter 7 bankruptcy case, attempted to transfer ownership of those recipes to the NPH Trust. [*Id.* at 7, 26]. Horvath had filed a timely appeal of the Common Pleas Court's Sale Confirmation Order before commencement of the underlying involuntary bankruptcy case against him. That appeal remains pending. This court found that Horvath's rights in the appeal are property of the Horvath bankruptcy estate and that any value in pursuing the appeal as property of the bankruptcy estate and attempting to unwind the sale of assets in the receivership proceeding will depend in large part on the continued trade secret status of the recipes. [*Id.* at 26]. In considering the factors that must be shown to be entitled to an injunction, the court found that a misappropriation of the chili soup and hot dog sauce recipes, which had been the primary focus of the recipe ownership battle in this court, was at least threatened. [*Id.* at 26-27]. The court concluded that the bankruptcy estate risks irreparable harm absent Horvath being enjoined from any misappropriation of the recipes in contravention of the court's ownership declaration in the judgment. [*Id.* at 27].

---

[1] The NPH Defendants also filed a cross-claim against Horvath and a counterclaim against the Trustee, claiming in both that the NPH Trust owns the recipes and intellectual property.

On October 7, 2016, the court entered judgment in this proceeding. The judgment provides in relevant part as follows:

> 1. Defendant/Counter-Claimant/ Cross-Claimant/ Cross-Defendant TPIP, LLC owns the intellectual property and recipes, including chili soup and hot dog sauce recipes, that were used in the businesses of Tony Packo's Inc., Tony Packo Food Company, LLC, Packo Properties, LLC, and Magyar Holdings, LLC, subject only to any resolution of the pending appeal of the order confirming the sale of receivership assets filed in the Ohio Sixth District Court of Appeals, Case No. CL-020131102 ("Appeal").
>
> 2. Defendant/Counter-Claimant/ Cross-Claimant/ Cross-Defendant Robin L. Horvath's interest in the Appeal is property of the bankruptcy estate in Chapter 7 Case No. 13-34137, *In re Robin L. Horvath*, pending in the United States Bankruptcy Court for the Northern District of Ohio.
>
> 3. The interest of the bankruptcy estate in Chapter 7 Case No. 13-34137, *In re Robin L. Horvath*, pending in the United States Bankruptcy Court for the Northern District of Ohio in the recipes described in paragraph one above is limited to any rights arising from or as a result of the Appeal.
>
> 4. Defendant/Counter-Claimant/ Cross-Claimant/ Cross-Defendant Robin L. Horvath, in his individual capacity and as executor of the [NPH Estate] and trustee of the [NPH Trust] is hereby enjoined from taking any action with respect to chili soup and hot dog sauce recipes described in paragraph one above, including compromising their trade secret status or taking any further action to use, sell, convey, transfer, or assign those recipes.
> . . . .
> 9. The cross-claim of Defendants/Counter-Claimants/Cross-Claimants/Cross-Defendants Nancy Packo Horvath Probate Estate and The Nancy Packo Horvath Trust Under the Amended and Restated Trust Agreement Dated March 22, 2002, against Defendants/Counter-Claimants/Cross-Claimants/Cross-Defendants Tony Packo's Toledo, LLC, and TPIP, LLC alleging the unlawful use of recipes is **DISMISSED** for lack of subject matter jurisdiction.

[Doc. # 173, pp. 2-3]. No party appealed the judgment.

After the court entered judgment in this proceeding, the TP Defendants filed a complaint in the Common Pleas Court against the NPH Defendants and Horvath in his individual capacity and as executor of the NPH Estate and trustee of the NPH Trust, seeking an order requiring those defendants to turn over the Recipe Notebook in Horvath's possession that contains recipes owned by TPIP. [Doc. # 200-1, pp. 2-14/56]. The NPH Defendants and Horvath, individually, filed motions to dismiss that complaint, arguing that the Court of Common Pleas for Lucas County, Ohio, Probate Division ("Probate Court") has exclusive

4

jurisdiction over the matter. [*See* TP Def. Hrg. Ex. 3, p. 21, and Hrg. Ex. 4]. Their arguments are based on the same arguments regarding the NPH Defendants' ownership of the recipes, including the hot dog sauce and chili soup recipes, that were presented to and rejected by this court in ruling on the NPH Defendants' motion for summary judgment in this proceeding. [*Id.* at 2-21; Doc. # 155, pp. 5-34].

On July 24, 2017, Horvath, in his capacity as executor of the NPH Estate and trustee of the NPH Trust, filed a complaint against the TP Defendants in the Probate Court seeking a declaration that, among other things, the use of the recipes by the TP Defendants constitutes "a conversion of an asset and/or assets of the NPH Estate . . . and the NPH Trust. . . " and seeks disgorgement of any monies received as a result of such conversion. [Trustee Hrg. Ex. A, ¶ 35]. The complaint alleges the same facts relied upon in this proceeding by the NPH Defendants in arguing that the NPH Trust owns the recipes that were rejected by this court. [*Id.* at ¶¶ 6-33]. It fails to aver any facts regarding, and simply ignores, the existence of the pending Horvath Chapter 7 bankruptcy case, this adversary proceeding and the court's October 7, 2016, judgment. Captioned as a Complaint for Declaratory Judgment, it also demands establishment of a constructive trust, an accounting, damages and an injunction. [*Id.* at pp.10-11].

## **JURISDICTION**

Although no party appealed this court's October 7, 2016, judgment, the NPH Defendants eventually filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure asking the court to vacate it. Fed. R. Bankr. P. 9024; Fed. R. Civ. P 60(b). The basis for the NPH Defendants' Rule 60(b) motion is that this court lacked subject matter jurisdiction to enter the judgment, raising for the first time a supposed "probate exception" to federal jurisdiction. The court denied the NPH Defendants' Rule 60(b) motion. [Doc. # 195]. The NPH Defendants appealed this court's order denying their Rule 60(b) motion. That appeal remains pending. The court held an initial hearing on the Motion on September 12, 2017, at which the parties addressed at the court's request its jurisdiction to decide the Motion in light of the NPH Defendants' appeal. By separate order entered on September 14, 2017, the court determined that the NPH Defendants' appeal does not divest it of jurisdiction to hear and decide the Motion. [Doc. # 207].

The court also does not have to re-evaluate and re-state its jurisdiction on the claims in this adversary proceeding in connection with deciding the Motion. Under the Supreme Court's decision in *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009), the court has jurisdiction to enforce its judgment. In *Travelers*, a bankruptcy court enforced its injunction entered in connection with confirmation of a Chapter 11 plan

5

more than a decade earlier by barring certain direct actions in state court against an insurer. A district court affirmed the bankruptcy court's enforcement order. The Second Circuit Court of Appeals reversed the lower courts on the basis that the bankruptcy court lacked jurisdiction to enter its original injunction in 1986. It held that the bankruptcy court's enforcement of its prior orders could not "enjoin claims over which it had no jurisdiction" and that the "ancillary jurisdiction courts possess to enforce their own orders is itself limited by the jurisdictional limits of the order sought to be enforced." *In re Johns-Manville Corp.*, 517 F.3d 52, 61 (2d Cir. 2008).

Citing *Local Loan Co. v. Hunt,* 292 U.S. 234 (1934), the Supreme Court reversed the Second Circuit and said that it was "easy" to determine that the bankruptcy court "had jurisdiction to interpret and enforce its own prior orders" because it was wrong for the Second Circuit to re-evaluate the bankruptcy court's jurisdiction to enter the original orders once those orders became final. *Travelers*, 557 U.S. at 151. As the Supreme Court explained, the orders became *res judicata* to the parties and those in privity with them, including as to subject matter jurisdiction, which is likewise not subject to collateral attack. *Id.* at 152; *American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 539, n.1 (6th Cir. 2007) . Thus, "[s]o long as respondents or those in privity with them were parties to the Manville bankruptcy proceeding, and were given a fair chance to challenge the Bankruptcy Court's subject-matter jurisdiction, they cannot challenge it now by resisting enforcement of the 1986 orders." *Id*. at 153. While the Second Circuit would have been required on direct review of the original 1986 injunctive orders to consider whether the bankruptcy court had acted beyond its subject-matter jurisdiction, it was error to do so in connection with enforcement of them once they became final: "whether the Bankruptcy Court had jurisdiction and authority to enter the injunction in 1986 was not properly before the Court of Appeals in 2008 and is not properly before us." *Id*. at 148.

As the NPH Defendants were parties to the complaint and the October 7, 2016, judgment, and had an opportunity to litigate subject matter jurisdiction before it was entered, including any "probate exception" to federal jurisdiction, under *Travelers*, this court has jurisdiction to enforce the judgment now.

## **DISCUSSION**

The Trustee argues that the NPH Defendants' and Horvath's pleadings in Probate Court and in Common Pleas Court violate paragraph four of this court's October 7, 2016, judgment. That paragraph enjoins Horvath in his individual capacity and as executor of the NPH Estate and trustee of the NPH Trust "from taking *any* action with respect to chili soup and hot dog sauce recipes described in paragraph one" of the judgment, "including compromising their trade secret status or taking any further action to use, sell,

convey, transfer, or assign those recipes." [Doc. # 173, ¶ 4 (emphasis added)].

The NPH Defendants, for their part, argue that they are simply operating under the self-described "narrow band" of paragraph nine of the judgment wherein the court dismissed for lack of subject matter jurisdiction their cross-claim against the TP Defendants for the alleged unlawful use of the recipes.

The court finds the NPH Defendants' characterization of their claim in Probate Court and their arguments and jurisdictional defense in the Common Pleas Court action commenced by the TP Defendants to be disingenuous. The court agrees with the Trustee that Horvath, in his individual capacity and as executor of the NPH Estate and trustee of the NPH Trust, has violated the injunction set forth in paragraph four of the court's judgment in pursuing and defending the specified claims.

Horvath and the NPH Defendants do not expressly ask in their prayer for relief in Probate Court or in their motions to dismiss in the Common Pleas Court for a declaration regarding ownership of the recipes. But to be entitled to the relief they seek, those courts would first be required to determine that the NPH Trust owns the recipes. In effect, Horvath, in his various capacities, is again seeking to validate his earlier attempted transfer of the recipes to the NPH Trust, an act clearly proscribed by the court's order enjoining him from taking any action with respect to the hot dog sauce and chili soup recipes.

A court's subject matter jurisdiction must be determined before addressing the merits of a claim. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 93-94 (1998) (declining to endorse the "doctrine of hypothetical jurisdiction," described as assuming jurisdiction where the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied); *American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d at 537(citing *Steel Co.* and stating that "[s]ubject matter jurisdiction is always a threshold determination"). A court cannot wait to see how a claim comes out before it decides whether it has jurisdiction to address it. Thus, before addressing the merits of the NPH Defendants' cross-claims in this proceeding, one way or another, the court necessarily addressed its subject matter jurisdiction to decide those claims.

That this court held that it did not have jurisdiction to determine the NPH Defendants' cross-claim that TP Foods' use of the recipes was unlawful and adverse to their claimed interests in the recipes[2] does not equate to the right to ignore those portions of the judgment with which Horvath and the NPH

---

[2] This cross-claim would have required not only a determination that one of the NPH Defendants owned the recipes but also that, notwithstanding the Common Pleas Court's Sale Confirmation Order, TP Foods' use of the recipes was unlawful. While the court had jurisdiction to determine the extent of the bankruptcy estate's interest in the recipes, thus requiring a determination of ownership, the further determination sought by the NPH Defendants, between two non-debtor parties, would have had no conceivable effect on the bankruptcy estate and was beyond the jurisdictional grant of 28 U.S.C. § 1334.

7

Defendants disagree but did not appeal, namely, that TPIP owns the recipes, including the chili soup and hot dog sauce recipes, subject only to resolution of the pending appeal (owned by the bankruptcy estate) of the Common Pleas Court's Sale Confirmation Order, and that Horvath, in any capacity, is enjoined from taking *any* action with respect to the chili soup and hot dog sauce recipes. The claims, defenses and arguments Horvath and the NPH Defendants now assert in Probate Court and Common Pleas Court cannot be prosecuted without seeking and obtaining findings contrary to those by which they *are* bound under the judgment, regardless of the other claims upon which the court could not enter judgment. Under the guise of paragraph nine of the judgment Horvath and the NPH Defendants cannot continue to pretend that the findings in this court's October 7, 2016, judgment do not exist in their quest for a different court to give them a result different than paragraphs one through four of that judgment.

The court will enter a separate order granting the Motion in accordance with this Memorandum of Decision.

###.